AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

| In the Matter of the Search of | ) |
|---|---|
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) Case No. 22-MR-416 |
| The person of Brian Farley | ) |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

The person of Brian Farley.

located in the _____ District of ___New Mexico___, there is now concealed *(identify the person or describe the property to be seized)*:

A sample of DNA by way of two (2) buccal (cheek) swabs.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| Title 18 U.S.C. 922(g)(1) and 924 | Possession of a firearm and ammunition by a convicted felon. |

The application is based on these facts:
See attached affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Jordan Spaeth, FBI Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
___telephone___ *(specify reliable electronic means)*.

Date: 03/14/2022

*Judge's signature*

City and state: Albuquerque, New Mexico    John F. Robbenhaar, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

### INTRODUCTION

1. I, Jordan Spaeth, being first duly sworn, make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the body of BRIAN FARLEY (hereinafter FARLEY) to collect a DNA sample by way of two buccal (cheek) swabs.

### PURPOSE OF THE AFFIDAVIT

2. On March 4, 2022, a murder investigation was initiated by the Edgewood Police Department (EPD). The FBI is currently assisting EPD Detectives with the investigation and I am aware that FARLEY was subsequently arrested for one count of murder and tampering with evidence. I believe facts contained herein provide probable cause to believe that FARLEY violated 18 U.S.C. §§ 922(g)(1) and 924, that being felon in possession of a firearm and ammunition.

3. I am aware that FARLEY is currently incarcerated at the Santa Fe County Adult Detention Facility (SFCADF). A more detailed description of the target subject and surrounding facts is contained below.

### AFFIANT'S RELEVANT TRAINING AND EXPERIENCE

4. I am employed as a Special Agent with the Federal Bureau of Investigation (FBI) and have been since 2018. I have been a law enforcement officer for more than 13 years, serving as a police officer before joining the FBI. I have spent the entirety of my FBI career assigned to the Albuquerque field office violent crime squad, where I have investigated violent repeat offenders, armed robberies, bank robberies, and felony crimes committed on Indian Country. I am currently assigned to the Safe Streets Gang Task Force, where I primarily investigate violent street gangs of which members are engaged in assault, battery, murder, and violations of firearms, narcotics, and other federal criminal code. My investigative training and experience includes, but

1

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

is not limited to, interviewing subjects, targets, and witnesses, writing affidavits for, and executing search and arrest warrants, collecting evidence, conducting surveillance, supervising cooperating sources, and analyzing public records.

5.  Over the course of my career, I have arrested hundreds of persons for offenses relating to assaults, homicides, armed robberies, drug distribution, bank robberies, firearm violations, and other criminal conduct.

6.  This affidavit does not set forth all of my knowledge or summarize all of the investigative efforts in this matter; however, the affidavit sets forth only the facts that support probable cause for the limited search of the body of FARLEY, for the purpose of collecting a DNA sample. Any observations referenced herein that I did not personally witness were relayed to me in oral or written reports by law enforcement officers who assisted in the investigation.

## THE TARGET SUBJECT

7.  I have reviewed FARLEY's criminal history and am aware that he has been arrested approximately nine times in Texas and New Mexico. I believe that FARLEY was convicted in 2002 of the felony offense of possession of a controlled substance – cocaine, in the 185th District Court for the state of Texas, cause number 849697.

8.  According to a police report and a review of FARLEY's criminal history, he was arrested for terroristic threats by the Houston Police Department on May 10, 2012, in Houston, TX. According to the police report, FARLEY threatened and told the victim, "I'm going to rip out your teeth and beat you when your husband isn't around." Further, FARLEY was arrested on the same day and a large kitchen knife was located in his pocket, officers later tagged the knife into evidence.

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

## FACTS AND CIRCUMSTANCES ESTABLISHING PROBABLE CAUSE

9. On March 4, 2022, at approximately 1219 hours, officers with the EPD responded to 279 East Venus Rd, Edgewood, NM, in reference to an 87 year old female who was not conscious or breathing. The female (hereinafter VICTIM) was later identified as the mother of FARLEY and determined to be deceased. Preliminary autopsy findings indicate the cause of death to be by homicide.

10. The 911 caller self-identified himself as Brian, seemed to be crying, and was not responding to the dispatcher.

11. Upon officer's arrival to the residence, there was no answer at the front door. Officers began to check the perimeter of the residence and exterior windows to verify the presence of, safety, and well-being of the occupants. Through an exterior window, officers observed the VICTIM laying face-down in a bathroom. VICTIM was not responsive, and officers were unable to verify signs of life. Shortly thereafter, FARLEY opened the front door of the residence.

12. Officers detained FARLEY due to the totality of the circumstances. While officers conducted a pat down for weapons, FARLEY stated he and his mother had been arguing all day and she had started shooting him. However, FARLEY did not have any injuries and no spent shell casings were found anywhere in the residence.

13. Officers entered the residence to check on the unresponsive VICTIM. Officers observed dried blood on her clothing and on the interior of the bathroom door. Paramedics determined VICTIM was deceased. The VICTIM was located in the master bedroom's bathroom.

14. Officers conducted a safety check of the residence to verify there were no other occupants, and they found no one else was present. Officers observed a firearm on the bed in the master bedroom. Officers also noticed an overwhelming odor of bleach throughout the residence.

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

15. Officers secured the residence and continued their homicide investigation. Investigators obtained DNA and residential search warrants for FARLEY and the residence.

16. Pursuant to the search warrant, investigators noticed the kitchen sink contained numerous dirty dishes to include a butcher knife, approximately twelve (12) inches in length. The butcher knife had a silver blade, a wooden handle, and was covered in a significant amount of what appeared to be blood. Investigators located a cardboard box designed to contain three (3) bottles of "Clorox Bleach," however one of the bottles was no longer in the box.

17. Investigators located a Clorox bleach bottle cap in the hallway near the master bedroom. Inside the master bedroom, Investigators located a firearm on the bed. Inside the master bedroom, Investigators detected an extremely strong odor of bleach which became even stronger as they approached the master bedroom's bathroom. On the exterior of the master bathroom door, Investigators observed what appeared to be blood that had been smeared. VICTIM was located inside this bathroom. The wooden frame was damaged on the frame of that door. A brass door latch and piece of what appeared to be wood from the damaged door frame were located further in the bathroom, next to VICTIM. Investigators observed several areas of suspected blood on and surrounding VICTIM in the bathroom as well as several defensive wounds on the victim.

18. It appears as if the damage to the bathroom door was caused by VICTIM locking herself in to get away from FARLEY, who kicked the door in to get to her and subsequently stab her.

19. FARLEY was advised his *Miranda* warning and stated he would not make a statement before talking to either his mother or an attorney. FARLEY was subsequently transported to the SFCADF and booked on one count of homicide and tampering with evidence.


## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

20. I am aware that DNA evidence may be found on the above referenced firearm, described as a Sears and Roebuck .410 gauge shotgun. I believe that the firearm seized during the search warrant may contain FARLEY's DNA. I intend to send those items to the FBI laboratory for DNA testing. I will request the FBI laboratory compare any potential DNA found on the firearm seized from the scene to FARLEY's DNA. This process is in line with FBI and U.S. Department of Justice protocols. As such, I am requesting authorization to collect a DNA sample from FARLEY by buccal (cheek) swabs. Further, I believe the firearm meets the federal definition of a firearm and was not manufactured in the state of New Mexico.

21. FARLEY is currently in state custody at the SFCADF in Santa Fe, New Mexico. FARLEY has already had his initial hearing regarding the state charges and as such, I believe he is currently represented by counsel. Since it is likely that FARLEY is represented by counsel, I intend to record my interaction with FARLEY, which will be limited to the collection of requested DNA samples.

## CONCLUSION

22. Based on the aforementioned information, I submit that probable cause exists to search FARLEY, to collect a DNA sample by two buccal swabs; pursuant to Rule 41 of the Federal Rules of Criminal Procedure. This affidavit has been reviewed by Supervisory Assistant United States Attorney Jack Burkhead.

Respectfully submitted,

Jordan Spaeth
FBI Special Agent

**AFFIDAVIT IN SUPPORT OF SEARCH WARRANT**

Subscribed electronically and sworn telephonically on March 14, 2022.

_____
HONORABLE JOHN F. ROBBENHAAR
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF NEW MEXICO